**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH JENNINGS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-00019** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **CLINTON COUNTY, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

On January 4, 2022, pro se Plaintiff Keith Jennings ("Jennings") initiated the above-captioned case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Clinton County, Pennsylvania ("Clinton County"), Aramark Correctional Services, LLC ("Aramark"),[1] and three John Doe Defendants.  (Doc. No. 1.)  The Court granted in part and denied in part Defendants' motions to dismiss on January 17, 2023, and granted Jennings leave to file an amended complaint.  (Doc. Nos. 35-36.)  Following that decision, mail to Jennings was returned as undeliverable on February 8, 2023.  (Doc. No. 37.)  The Court issued an Order on February 16, 2023, requiring him to update his address on or before March 16, 2023 and stated that if he failed to do so the Court would order him to show cause as to why the case should not be dismissed for failure to prosecute.  (Doc. No. 38.)  Jennings did not respond, so the Court issued an Order on March 17, 2023 requiring him to show cause on or before April 17, 2023 as to why the case should not be dismissed for failure to prosecute.  (Doc. No. 39.)  He has again failed to respond, and the Court will accordingly dismiss the complaint with prejudice for failure to prosecute.

---

[1] This Defendant is erroneously identified as "Aramark Corporation" in the complaint.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court."  See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.  Not all of the Poulis factors must be satisfied in order for a court to dismiss a complaint.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## II.  DISCUSSION

Beginning with the first Poulis factor, because Jennings is proceeding pro se, he is personally responsible for his failure to comply with the Court's orders requiring him to update his address.  See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002).  The first Poulis factor accordingly weighs in favor of dismissal.

The second Poulis factor—prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery—also weighs in favor of dismissal.  Jennings's failure to update his address has made it impossible for Defendants to proceed with this case.

Examining the third factor, a history of dilatoriness, the Court observes that Jennings has failed to comply with multiple Orders requiring him to update his address.  This failure to

comply with court orders demonstrates an intention to discontinue this litigation.  See, e.g., Cohn v. PSU, No. 1:20-cv-00961, 2022 WL 2231826, at *9 (M.D. Pa. June 21, 2022).  The third factor accordingly weighs in favor of dismissal.

The Court finds that the fourth and fifth Poulis factors, whether Jennings's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal, also weigh in favor of dismissal.  First, his failure to abide by Court orders demonstrates a willful disregard for procedural rules and court directives.  See id.  Second, because he has not communicated with the Court in any manner in nearly a year, the Court is without any viable alternative to dismissal.

The sixth factor, the meritoriousness of Plaintiff's claims, weighs against dismissal.  Plaintiff's complaint survived in part Defendants' motion to dismiss based on his allegation that Clinton County and Aramark's policies led to violations of his civil rights.  (Doc. No. 35 at 6.)  There is thus sufficient merit to Plaintiff's claims to proceed with discovery.

Upon balancing the Poulis factors, the Court finds that dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted.  Further, in light of Plaintiff's failures to comply with the Court's Orders and silence over the past eleven months, and given that he has yet to respond to the Court's show-cause Order, the Court will dismiss this action with prejudice.  See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) (noting that "[d]istrict courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order").

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss this case with prejudice for failure to prosecute. An appropriate Order follows.